

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044

---

**VIA ACMS**                                                    February 10, 2026

Honorable Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:  *Rodriguez Vazquez v. Hermosillo* (No. 25-6842)
     Oral Argument Scheduled for March 4, 2026
     Citation of Supplemental Authorities

Dear Ms. Wolfe:

Pursuant to Rule 28(j), Respondents notify the Court of the decision in *Buenrostro-Mendez v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which addresses the same issue of statutory interpretation presented here. This decision—issued three days after argument—strongly supports the government's merits arguments and the need for this Court to rule as expeditiously as possible, including by resolving the appeal by order, with opinion to follow.

The Fifth Circuit held that aliens, like Petitioner, who are deemed to be "applicants for admission" under 8 U.S.C. §1225(a)(1) are "seeking admission" and so are subject to detention under §1225(b)(2)(A). *Id.* at *1-10. The Fifth Circuit adopted many of the arguments Respondent makes here. Specifically, the Fifth Circuit held:

**(1)** "[t]he everyday meaning of the statute's terms confirms that being an 'applicant for admission' is not a condition independent from 'seeking admission,'" *id*. at *4;

**(2)** §1225(a)(3)'s "or otherwise" clause shows that "'applicants for admission' are a subset of those 'seeking admission,'" so that "an 'applicant for admission' is necessarily someone who is 'seeking admission,'" *id*. at *5;

1

**(3)** "the government's interpretation does not render portions of §1226 superfluous" because §1226 "undeniably does work independent from §1225(b)(2)(A)," *id*. at *7;

**(4)** *Jennings v. Rodriguez* "does not suggest, much less require" an interpretation different than Respondents', including because the "language [from *Jennings* petitioner] cite[s] is dicta," *id*. at *7-8;

**(5)** "the government's past practice has little to do with the statute's text" and "[y]ears of consistent practice cannot vindicate an interpretation that is inconsistent with the statute's plain text," *id*. at *8; and

**(6)** "the government's interpretation better honors [the] predominant goal in the enactment of IIRIRA" to "put aliens seeking admission lawfully on equal footing with those who entered without inspection," *id*. at *9.

In addition, the Fifth Circuit rejected reliance on IIRIRA's allowance for a two-year delay in implementing §1226(c)'s detention mandate and omission of a similar allowance for §1225(b)(2)(A). *Id*. at *9. The Fifth Circuit declined "to rewrite … statutory text under the banner of speculation about what Congress might have done." *Id*. at *9.

Respectfully submitted,

Brett A. Shumate
Assistant Attorney General
United States Department of Justice
Civil Division

Yaakov M. Roth
Principal Deputy Assistant Attorney
General

Drew C. Ensign
Deputy Assistant Attorney General

Benjamin Hayes
Senior Counsel to the Assistant
Attorney General

Elizabeth Hedges
Counsel to the Assistant Attorney
General

Victor M. Mercado-Santana
Senior Litigation Counsel

Ian S. Lam
Trial Attorney

By:  *s/ Michael D. Ross*
Michael D. Ross
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 742-7118
michael.d.ross@usdoj.gov

Encl. (Westlaw decision)

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the ACMS system.  I certify that service to participants who are registered ACMS users, including Appellees' attorneys, will be accomplished by the ACMS system.

*s/ Michael D. Ross*
Michael D. Ross
Trial Attorney
U.S. Department of Justice