

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 878 Ben Franklin Station
Washington, D.C. 20044

VIA ACMS                                                    June 26, 2026

Honorable Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:    Citation of Supplemental Authority: *Mullin v. Al Otro Lado*, 609 U.S. ---
       (2026),
       *Rodriguez Vazquez v. Hermosillo*, No. 25-6842 (argued March 4, 2026).

Dear Ms. Dwyer:

Pursuant to Rule 28(j), Appellants write to notify the Court of the Supreme Court's recent decision in *Mullin v. Al Otro Lado*, No. 25-5 (attached), which interpreted the phrase "arrives in the United States" in 8 U.S.C. §1158(a)(1). That decision supports Appellants' arguments.

First, in summarizing the statutory framework (including §1225), the Supreme Court used the phrase "seeking admission" to characterize all applicants for admission. Specifically, when describing 8 U.S.C. §1225(a)—which applies to "applicants for admission"—the Court stated that "8 U.S.C. §1225(a), governs the inspection of aliens *who are seeking admission* to the United States." Slip Op. 2 (emphasis added). That directly supports Appellants' argument that all applicants for admission are seeking admission. Opening Br. 20-25; Reply Br. 3-15.

Second, *Al Otro Lado* undermines Appellees' reliance on the canon against surplusage. The plaintiffs there argued that the phrase "arrives in the United States" must be interpreted to include aliens still in Mexico to avoid rendering that phrase redundant of the phrase "who is physically present in the United States," within the same sentence in §1158(a)(1). Slip Op. 12. The Supreme Court rejected the plaintiff's overreliance on the anti-surplusage canon:

- "The anti-surplusage canon is not an iron rule. … The canon is based on an inference about how a careful writer or drafter of statutes ordinarily uses

1

language…. But even excellent writers do not always trim every unnecessary word, and the same is true of Congress." *Id*.

- "We have acknowledged that Congress sometimes 'enacted provisions that are superfluous.' For that reason, we have adopted interpretations under which, for example, three distinct verbs in the same clause 'all mean the same thing.'" *Id*. (citation omitted).

Here, the plain language of §1225(a) and (b)(2) makes clear that all applicants for admission are seeking admission. Appellees' can neither rewrite clear text nor trump ordinary meaning using the anti-surplusage canon. *See* Slip Op. 14 ("[I]f forced to choose between an interpretation that entails some redundancy and one that contradicts what words usually mean, we would choose the former."); *see also* Opening Br. 29-30; Reply Br. 12-13.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
United States Department of Justice
Civil Division

BENJAMIN HAYES
Senior Counsel to the Assistant
Attorney General

/s/ Victor M. Mercado-Santana

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

VICTOR M. MERCADO-
SANTANA
Senior Litigation Counsel

DREW C. ENSIGN
Deputy Assistant Attorney General

IAN S. LAM
JAIME DURR
Trial Attorneys

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that service to participants who are registered ACMS users, including Appellee's attorneys, will be accomplished by the ACMS system.

/s/ Victor M. Mercado-Santana
Victor M. Mercado-Santana
Senior Litigation Counsel