July 2, 2026

**<u>VIA ACMS</u>**
Molly Dwyer
Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** ***Rodriguez Vasquez et al v. Hermosillo et al*., No. 25-6842**
**Arguments Presented to Judges M. Margaret McKeown, Carlos T. Bea,**
**and Daniel A. Bress on March 4, 2026**

**Notice of Supplemental Authority pursuant to Fed. R. App. P. 28(j)**
**regarding *Santillan Quiroz v. Mullin*, No. 26-6019 (10th Cir. June 30,**
**2026)**

Dear Ms. Dwyer,

In its unanimous decision in *Santillan Quiroz v. Mullin*, No. 26-6019, the Tenth Circuit joined the Second, Sixth, and Eleventh Circuits in holding that § 1225(b)(2)(A) does not apply to unadmitted noncitizens, like Petitioners, who are living in the country after entering without inspection, and that Petitioners are governed instead by § 1226(a). *See* Slip Op. *5, 9.

Relying on the tense of "seeking admission" in § 1225(b)(2)(A) and the deeming clause in § 1225(a)(1), the court concluded that a noncitizen is "seeking admission" "when he takes some kind of ongoing action to request lawful entry into the United States." *Id*. at *15-17. The court rejected Respondents' conflation of "applicant for admission" with "seeking admission" in favor of giving the term "seeking admission" "independent effect." *Id*. at *23.

The court rejected Respondents' reliance on § 1225(a)(3), explaining that the phrase "or otherwise" is "context dependent," and that its use in § 1225(a)(3) did not establish that all applicants for admission are necessarily seeking admission. *Id*. at *33. Respondents' reading would also nullify parts of § 1226, leaving "no inadmissible noncitizens [] for § 1226(a) to cover," an outcome irreconcilable with *Nielsen v. Preap*, 586 U.S. 392 (2019). *Id*. at *38-39. It would also "render the word 'deemed' [in § 1225(a)(1)] a mousehole hiding an elephant" through "the millions

of noncitizens it would potentially subject to detention without bond," *id.* at \*27, and disrupt the "longstanding and nearly thirty-year-old interpretation—that § 1225(b)(2)(A) was limited to the border," *id.* at \*39.

Finally, the court explained that its statutory analysis was supported by longstanding practice, *id*. at \*11 (citing *Lopez Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024)), the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018), *id*. at \*13, due process principles, *id*. at \*43-47, and the Laken Riley Act amendments. "At the time of the Act's passage," the government had limited § 1225(b)(2)(A)'s detention mandate to the border; the Act "did not include language to change any of those holdings or interpretations even though it amended both § 1225 and § 1226." *Id.* at \*39-40.

Respectfully submitted,

*/s/ Matt Adams*
Matt Adams

*Counsel for Plaintiffs-Appellees*

cc:    Counsel of Record, via ACMS

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

*/s/ Matt Adams*
Matt Adams

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I filed the foregoing document using the Court's ACMS system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Matt Adams*
Matt Adams

*Counsel for Plaintiffs-Appellees*